UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| **VOA NATIONAL HOUSING CORPORATION** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-1037** |
| **INSTAR SERVICES GROUP, LP** | **SECTION "H"(4)** |

### ORDER AND REASONS

Before the Court is Plaintiffs' Motion to Remand (R. Doc. 4). For the following reasons, the Motion is GRANTED, and the case is REMANDED to the Civil District Court for Orleans Parish.

### BACKGROUND

Plaintiffs, VOA National Housing Corporation and Forest Towers East, Inc., filed this action against a single defendant, Instar Services Group, LP ("Instar"), in the Civil District Court for Orleans Parish in August of 2009. On January 8, 2014, Plaintiffs were granted leave of court by a duty judge to file a

1

First Amending Petition in which they added an additional defendant, ACE American Insurance Company ("ACE"). ACE was served with this petition in early February of 2014.[1]

On January 31, 2014, Instar sought a motion for new trial on the duty judge's decision to allow Plaintiffs to file an amended petition. On April 8, 2014, the presiding judge granted the motion for new trial but upheld the duty judge's decision. In his judgment, the presiding judge ordered Plaintiffs' First Amended Petition filed retroactive to January 8, 2014, the date of the duty judge's order.

On May 7, 2014, ACE, as last-served defendant, removed the case before this Court with the consent of the other defendants.[2] Plaintiffs then filed this Motion to Remand, alleging that the removal was untimely because Defendants waited more than 90 days from service to remove. In response, Defendants put forth two arguments asserting their timeliness: (1) Defendants argue that the motion for new trial filed by Instar held the time period for removal in abeyance; and (2) Defendants argue that the duty judge was without authority to issue the initial order allowing Plaintiffs to file an amended complaint and, therefore, the order is a nullity and the presiding judge's later order is the only order properly allowing Plaintiffs to file an amended complaint. ACE argues that it did not have official notice that it was being named as a defendant until that date. In

---

[1] Plaintiffs assert that ACE received the petition on February 6, 2014, R. Doc. 4-1, while Defendants assert that Ace received the petition on February 10, 2014, R. Doc. 6. The difference is irrelevant to the Court's decision.

[2] *See* 28 U.S.C. 1446(b)(2)(C) (West 2014) ("If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.").

both arguments, Defendants allege that the thirty-day time period for removal began to run from the presiding judge's April 8 order.

## LEGAL STANDARD

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[3] The burden is on the removing party to show "[t]hat federal jurisdiction exists and that removal was proper."[4] When determining whether federal jurisdiction exists, courts consider "[t]he claims in the state court petition as they existed at the time of removal."[5] Removal statutes should be strictly construed, and any doubt should be resolved in favor of remand.[6]

## LAW AND ANALYSIS

28 U.S.C. § 1446(b) expressly states that:

> The notice of removal of a civil action or proceeding shall be filed within *30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading* setting forth the claim for relief upon which such action or proceeding is based, or *within 30 days after the service of summons upon* the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Therefore, the relevant point from which the thirty-day removal time period

---

[3] 28 U.S.C. § 1441(a) (West 2014).

[4] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[5] *Id.*

[6] *Id.*

begins to run is the defendant's receipt of the initial pleading through service or summons. It is undisputed that ACE received the initial pleading between February 6 and 10 and that removal was not attempted until May 7, an elapsed time of about 90 days. On the face of the pleadings, it appears that removal was untimely. Defendants, however, have asserted two arguments in support of their contention that removal was timely. The Court will discuss each in turn.

### A. Motion for New Trial Does Not Suspend Time for Removal

First, Defendants argue that the motion for new trial "effectively suspended the operation of the Duty Judge's Order"[7] and therefore suspended the thirty-day removal time period until the presiding judge ruled on the motion for new trial. Defendants have provided no legal authority in support of this argument. 28 U.S.C. § 1446, which must be strictly construed, provides no provision for the tolling of the thirty-day period. Other district courts have likewise held that "pretrial objections or motions do not stay the period in which removal must be sought under § 1446."[8] In addition, "[a] federal district court

---

[7] R. Doc 1-1.

[8] *J.L. McGuire & Assocs. v. Innovative Ceramics, Inc.,* 63 F. Supp. 2d 841, 842 (N.D. Ohio 1999) (holding that motion to dismiss did not toll time for removal); *see also Value Recovery Grp., Inc. v. Hourani*, 115 F. Supp. 2d 761, 767 (S.D. Tex. 2000) ("Although the Removing Defendants may have been precluded from taking action in the state trial court case, the state court's stay order did not bar defendants from removing the case to this court. Nor have the Removing Defendants presented any authority that an order of a state court can extend the time for removing a case to federal court. As a general rule, the time to remove may not be extended by an order of the state court extending related deadlines under state law."); *Capone v. Harris Corp.*, 694 F. Supp. 111, 112 (E.D. Pa. 1988) ("Defendants have cited no authority for the proposition that pendency of [a motion to open and/or strike default judgment] extends the thirty day period.").

does not have authority to enlarge or extend this time period."[9] Accordingly, this argument is rejected.

### B. Duty Judge's Order Was Not a Nullity

Second, Defendants argue that the duty judge was without authority to allow Plaintiffs leave to file an amended complaint, and thus, the duty judge's order is a nullity and ACE was not properly added to the case until the presiding judge's order on April 8.  Louisiana Code of Civil Procedure article 253.3 states that a duty judge may only hear a motion for leave to file an amended petition if a trial date has not yet been set in a case.  Defendants argue that because this matter was set for trial when the duty judge heard Plaintiffs' request for leave to appeal, article 253.3 was violated and the duty judge's order is a nullity. While it is true that a trial date was set when the duty judge heard Plaintiffs' motion, the motion was heard during an unusual circumstance in which the presiding judge had resigned and no pro tempore judge had yet been appointed.

Regardless of any of the foregoing, Defendants have not cited, and this Court has not found, any case that holds that an order issued by a duty judge without proper authority is a nullity.[10]  In fact, in *Giles v. Cain*, the Louisiana First Circuit Court of Appeal held that a judgment was not a nullity despite the

---

[9] *Skidmore v. Beech Aircraft Corp.*, 672 F. Supp. 923, 925 (M.D. La. 1987); *Capone,* 694 F. Supp. at 112 ("The thirty day period is mandatory and cannot be extended by the Court.").

[10] Defendants cite only a Louisiana Supreme Court case that states that a judgment by a *court* without *jurisdiction* is a nullity. *Foley v. Harrison*, 5 La. Ann. 75, 80 (1850) aff'd, 56 U.S. 433. *See also* La. Code Civ. Pro art. 2002 (2014); *Giles v. Cain*, 734 So. 2d 109, 112 (La. Ct. App. 1 Cir. 1999) (stating that because any district judge in the Nineteenth Judicial District Court had jurisdiction, judgment was not a nullity when wrong division decided it).

fact that it was erroneously issued by a district judge in a division other than the one to which the case had been allotted.[11] Likewise, the order allowing Plaintiffs to amend their complaint is not a nullity merely because it was issued by a district judge acting as duty judge instead of the presiding district judge.[12] Because the duty judge's order was not a nullity, it had the effect of a validly issued judgment. Therefore, service of the initial pleading on ACE pursuant to the duty judge's order was effective and began the running of the thirty-day period for removal. By the plain text of 28 U.S.C. § 1446, ACE was required to remove the case to this Court within 30 days of service. Because it did not do so, removal was untimely, and this case must be remanded.

---

[11] *Giles*, 734 So. 2d at 112 ("We do not find that the judgment which was signed by Judge Downing of Division "A" is a nullity. LSA–C.C.P. arts. 2002 and 2004 set forth the grounds for nullity of a judgment. These grounds include the instances where the judgment was rendered by a court that lacks subject matter jurisdiction or the judgment was obtained by fraud or ill practices. Although the judgment was rendered by a judge in a different division from that to which the matter was originally assigned, Judge Downing still had jurisdiction over the subject matter, as did any of the judges in the civil and criminal divisions of the Nineteenth Judicial District Court. Further, the record is clear that the matter was allotted to Division 'A' by a mistake and thus, the judgment was not obtained by fraud or ill practices.").

[12] "Specific vices of form that render a judgment absolutely null are provided in La. C.C.P. art. 2002, which is an exclusive list." *Miccol Enterprises, Inc. v. City of New Orleans*, 106 So. 3d 746, 752 (La. Ct. App. 4 Cir. 2012).

## CONCLUSION

For the foregoing reasons, this Motion is GRANTED, and the case is REMANDED.

New Orleans, Louisiana, this 26th day of November, 2014.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**